UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD R.L. ALEXANDER, 99-A-4752,

                          Plaintiff,            02-CV-0589(Sr)

v.

TIMOTHY P. MURLEY, et al.,

                          Defendants.

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. #9.

Plaintiff filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. Dkt. ##1 and 44. Plaintiff alleges that while an inmate at the Southport Correctional Facility, his rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution were violated. *Id*. Currently before the Court is a motion for summary judgment on plaintiff's Eighth Amendment claim by defendants Murley, Mastrantonio, Marshall, Casselberry and Hillard. Dkt. #77. Also before this Court is plaintiff's motion for protection from retaliation seeking transfer out of Southport Correctional Facility. Dkt. #105. For the following reasons, defendants' motion for summary judgment is denied and plaintiff's motion for protection from retaliation is denied.

**BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action on August 16, 2002, against defendants Donald Selsky, Michael McGinnis[1], Lieutenant Donahue, Timothy P. Murley, Peter A. Mastrantonio (incorrectly spelled "Mastrantinio" in the complaint), Scott Marshall, James B. Casselberry (incorrectly spelled "Casslberry" in the complaint) and Dale R. Hillard pursuant to 42 U.S.C. § 1983, seeking $1.5 million in compensatory damages and to be removed from the Special Housing Unit and returned to the general population in one of the following correctional facilities, Sing Sing, Green Haven, Eastern, Shawangunk or Sullivan. Dkt. #1.[2] Specifically, plaintiff complains that while he was housed at Southport Correctional Facility ("Southport"), on May 9, 2001 at approximately 7:47 a.m., defendants Murley, Mastrantonio, Marshall, Casselberry and Hillard subjected him to excessive force in violation of his rights under the Eighth Amendment. Additionally, plaintiff further claims that defendant Corcoran denied him due process in connection with the resulting disciplinary hearing.

**Allegations in the Complaint**

Plaintiff alleges in his complaint that on May 9, 2001 at approximately 7:47 a.m., defendants Mastrantonio and Marshall went to plaintiff's cell for what was

---

[1] By Order of this Court on July 31, 2003, the complaint was amended and defendant Michael McGinnis was removed as a named defendant and Michael Corcoran was substituted as a defendant. This Court's Order provided that the allegations asserted by plaintiff against McGinnis shall be deemed asserted against defendant Corcoran. Dkt. ##43 and 61.

[2] On March 24, 2004, this Court granted defendants Selsky, Corcoran and Donahue's motion for summary judgment. Dkt. #70.

supposed to be plaintiff's one hour period of recreation. Dkt. #1, ¶ 1. Defendant Mastrantonio handcuffed plaintiff through the "feed up" slot and once plaintiff was handcuffed, plaintiff alleges that defendant Mastrantonio stated "[s]o you are the one with the big fucking mouth." *Id*. Plaintiff alleges that he responded "I don't know what you are talking about." *Id*. Thereafter, plaintiff claims that his cell door opened and defendants Mastrantonio and Marshall "rushed the plaintiff from behind and rammed the plaintiff into the back wall of the cell." *Id*. While he was still handcuffed, plaintiff alleges that defendant Marshall punched plaintiff in the face and that defendant Mastrantonio "picked up the plaintiff by his knees and slammed the plaintiff unto [sic] the cell floor." *Id*. At that point, plaintiff alleges that defendants Casselberry and Hillard ran into plaintiff's cell. *Id*. at ¶ 2. Plaintiff maintains that at no time did he resist or try to fight the officers, however, plaintiff does state that he attempted to get under the cell bed for cover. *Id*. At that time, defendant Casselberry bent down and started to punch plaintiff in the back of the head. *Id*. Plaintiff alleges that while he was still being kicked by defendants Hillard, Mastrantonio and Marshall, defendant Murley entered his cell, advised the officers to put leg restraints on plaintiff, and punched plaintiff in the head and said "you got me writing reports all day now asshole." *Id*. at ¶ 3. As plaintiff was being escorted to the shower area, plaintiff maintains that defendants Casselberry and Mastrantonio continued to punch him. *Id*. at ¶ 4. As a result of the foregoing, plaintiff alleges that he suffered a laceration on his right thumb and injury to his back. *Id*. at ¶ 5.

**Defendants' Statement of Undisputed Facts**

Defendants maintain that force was used on May 9, 2001 after plaintiff struck defendant Marshall in the nose with his elbow. Dkt. #79, ¶ 11. Plaintiff vehemently denies ever striking defendant Marshall in the nose with his elbow. Dkt. #95, p.2. Thereafter, defendants assert that defendants Hillard and Casselberry responded to the incident and while defendants were attempting to gain control of plaintiff, plaintiff spit on defendant Mastrantonio. Dkt. #79, ¶¶ 12-13. Plaintiff further denies ever spitting on defendant Mastrantonio. Dkt. #95, ¶ 3. Defendants claim that plaintiff was placed down on his bed by defendants Marshall and Mastrantonio while defendants Casselberry and Hillard applied a waist chain and leg irons. Dkt. #79, ¶ 14. Defendants maintain that the force used consisted of body holds and mechanical restraints. *Id*. at ¶ 15. Once the waist chains and leg irons were applied, defendants state that plaintiff was escorted to the shower without further incident where photographs were taken of plaintiff. *Id*. at ¶ 16. Later that same day, plaintiff was seen by Nurse Dyal and defendants claim plaintiff complained of "minor back pain and had a 1/4 inch minor laceration on his right thumb." *Id*. at ¶ 18. Plaintiff disputes that he ever described his pain as "minor." Dkt. #102, p.1. Nurse Dyal noted in plaintiff's medical records that there was no active bleeding and that plaintiff was ambulating well. Dkt. #79, ¶ 21.

## DISCUSSION AND ANALYSIS

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of

conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment,

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

**<u>Eighth Amendment</u>**

A claim of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution has both a subjective and objective component. To satisfy the subjective component, a plaintiff must demonstrate that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness' in light of the circumstances surrounding the challenged conduct." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009), *quoting Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) and *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Whether conduct of prison officials can be characterized by "wantonness" is determined by "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wright,* 554 F.3d at 268, *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The objective component of a claim of cruel and unusual punishment concentrates on the harm done in light of "contemporary standards of decency." *Wright*, 554 F.3d at 268, *quoting Hudson*, 803 U.S. at 8.

"Where a prisoners' allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically, our Court has reversed summary dismissals of Eighth Amendment claims of excessive force even where the plaintiff's evidence of injury was slight and the proof of excessive force was weak." *Wright v. Goord*, 554 F.3d 255, 269 (2d Cir. 2009), *citing Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) ("reversing summary dismissal of prisoner's complaint, though suggesting that prisoner's evidence of an Eighth Amendment violation was 'thin' as to his claim that a corrections officer struck him in the head, neck, shoulder, wrist, abdomen, and groin, where the 'medical records after the ... incident with [that officer] indicated only a slight injury'"); *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) ("vacating district court's *sua sponte* dismissal of prisoner's complaint, though characterizing his 'excessive force claim [a]s weak and his evidence [as] extremely thin' where prisoner alleged that he was hit by prison guards 'after he was handcuffed' but 'the only injuries he suffered were a bruised shin and swelling over his left knee'"). Notwithstanding the foregoing, *"de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind," is not proscribed by the Eighth Amendment's prohibition against cruel and unusual punishment. *Hudson*, 503 U.S. at 10. Indeed, the Supreme Court has further elaborated, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id*. at 9, *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

In the instant case, defendants concede that "issues involving the use of force are generally issues of fact for a jury." Dkt. #78, p.4. However, defendants submit that a "lack of objective evidence to support plaintiff's claim requires the dismissal of the claim." *Id*. Indeed, defendants assert that the force used was *de minimis* and consistent with "DOCS policy which permits officers to use force to compel adherence with a lawful direction, and to quell a disturbance, pursuant to 7 N.Y.C.R.R. Sec. 251-1.2(d)." Dkt. #78, p.6. Although the Eighth Amendment's prohibition against cruel and unusual punishment does not typically extend to *de minimis* uses of physical force, plaintiff's allegations suggest that the defendants used force maliciously and sadistically. Moreover, following the reasoning articulated by the Second Circuit in *Scott* and *Griffin*, although plaintiff's evidence of an Eighth Amendment violation may be "weak" and "thin" and plaintiff's medical records may be indicative of only a "slight injury," this Court finds that the allegations in plaintiff's complaint together with the evidentiary proffers submitted in opposition to defendants' motion for summary judgment, could lead a rational factfinder to conclude that the defendants used force maliciously and sadistically. The record before this Court is replete with genuine issues of material fact concerning what transpired between plaintiff and defendants, including the events that purportedly precipitated the defendants' use of force. Additionally, as discussed above, in order to succeed, plaintiff need not prove significant injury and the fact that he may have only suffered minor injuries does not require dismissal. Accordingly, for the foregoing reasons, this Court finds that there are genuine issues of material fact with respect to plaintiff's claim of a violation of his rights under the Eighth Amendment. As a result, defendants' motion for summary judgment is denied.

**Retaliation**

Plaintiff, who is currently housed at Southport, complains that he has suffered retaliation by, *inter alia*, defendant Marshall. Dkt. ##105 and 106. Plaintiff asks this Court to order that plaintiff not be housed at either Southport or Upstate Correctional Facility. *Id*. This Court lacks the authority to order that the defendant be imprisoned in any particular facility. *See United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995); *Fisher v. Goord*, 981 F.Supp. 140, 176 (W.D.N.Y. 1997); *United States v. Hollenbeck*, 932 F.Supp 53, 58 (N.D.N.Y. 1996). Accordingly, plaintiff's motion for protection from retaliation is denied.

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment (Dkt. #77) is **DENIED** and plaintiff's motion for protection from retaliation (Dkt. #105) is **DENIED**.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on

motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

DATED:     Buffalo, New York
           April 3, 2009

                                          **s/ H. Kenneth Schroeder, Jr.**
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**