**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**EDWARD R.L. ALEXANDER, 99-A-4752,**

                                        **Plaintiff,**                    **02-CV-0589(Sr)**

**v.**

**TIMOTHY P. MURLEY, et al.,**

                                        **Defendants.**

_____

## DECISION AND ORDER

          Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. #15. Currently before the Court is plaintiff's application for appointment of counsel pursuant to 28 U.S.C. § 1915(e). Dkt. #108.


          There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. _See, e.g._, _Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc._, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. _In re Martin-Trigona_, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

          1.     Whether the indigent's claims seem likely to be of substance;

          2.     Whether the indigent is able to investigate the crucial facts concerning his claim;

          3.     Whether conflicting evidence implicating the need for cross-

examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that while an inmate at the Southport Correctional Facility, defendants Murley, Mastrantonio, Marshall, Casselberry and Hillard subjected him to excessive force in violation of his rights under the Eighth Amendment. Dkt. #1.

In support of his request for appointment of counsel, plaintiff claims that because he "survived defendants [sic] motion for summary judgment on April 3rd 2009 ... Federal rules states [sic] that a pro se plaintiff can be entitle [sic] to appointment of counsel." Dkt. #108, p.2. Moreover, plaintiff summarily concludes that there is no reason why he should be denied counsel and further, that this matter is ready for a trial on the merits. *Id*. The Court notes that a telephone Settlement Conference is scheduled for June 1, 2009 and further, that a trial date has not yet been set. Finally, plaintiff states that he has been unsuccessful in his efforts to obtain counsel. Dkt. #108, p.1. Notably, plaintiff's request for appointment of counsel fails to set forth any reason why plaintiff is unable to represent himself in connection with the anticipated trial of this matter.

A review of the instant motion reveals that plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. Indeed, a review of plaintiff's complaint and plaintiff's opposition to defendants' motion for summary judgment which this Court recently denied, reveals that plaintiff has more than capably articulated his legal theories to the Court. Moreover, there is nothing in the record before this Court to allow this Court to conclude that the factual and legal issues presented in this matter are complex and that plaintiff is unable to represent himself. In fact, plaintiff's testimony concerning the alleged incident and the extent of his injuries will be the best evidence of his damages.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. #108), is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.


**SO ORDERED.**

DATED:     Buffalo, New York
           April 24, 2009


                              **s/ H. Kenneth Schroeder, Jr.**
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**